## Perry et al. *v.* Sims, Appellant.

*Equity—Findings of fact—Partnership.*
1. The findings of fact by a chancellor, from sufficient and competent evidence, that a partnership existed will not be reversed by the appellate court, in the absence of manifest error.

*Equity—Practice in equity—Exceptions—Additional findings.*
2. A court of equity may make additional findings called to its attention without granting further rights to file exceptions thereto.

Argued October 10, 1923. Appeal, No. 97, Oct. T., 1923, by defendant, from decree of C. P. Allegheny Co., July T., 1921, No. 3805, on bill in equity in case of H. O. Perry and Fred Newcomb v. H. R. Sims. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Bill for accounting. Before CARPENTER, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiffs. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

U. G. *Vogan,* with him H. K. *Siebeneck,* for appellant.

F. C. *McGirr,* for appellees.

OPINION BY MR. JUSTICE KEPHART, January 7, 1924:

The procedure in the court below is rather peculiar. We will not review it except to say defendant was to a large extent responsible for the practice and he cannot now complain of irregularities. Moreover, there are no assignments specifically covering them. The bill prayed for dissolution of a partnership and an accounting. The decree followed the prayer, an accounting being ordered and made. Defendant appeals.

Newcomb and Sims, in April, 1919, entered into an oral contract of partnership to engage in the business of stock brokerage. Both were to contribute such sums as they were able, and they were entitled to draw out of the firm monthly by way of salaries, Newcomb two hundred and Sims three hundred dollars. Part of their salaries, however, was to remain in the business as capital, Sims to contribute ninety and Newcomb sixty dollars each month from this source. The business was conducted under the name of "H. R. Sims & Co., Declaration of Trust." In September of the same year, Perry, the other plaintiff, entered the partnership, contributing to the firm a sum equal to that of Newcomb. The parties contributed amounts as follows: Sims $1,932, Newcomb $1,120, and Perry $1,120. The business was successful. Some time later a change was made in the partnership name for a reason not material, and thereafter the business was conducted as "H. R. Sims & Company." Perry and Newcomb, dissatisfied with Sims's method of conducting the business, withdrew in November of 1920, and filed this bill. The answer denied the partnership. The court below found the facts as above narrated, particularly that a partnership did exist, the profits and losses

to be shared in proportion to the amount contributed by each, and the percentage each was entitled to receive from the profits of the business from April 9, 1919, to November 30, 1920, when the partnership was dissolved.

Defendant contended plaintiffs were in his employ, and their contributions to capital from wages were payments on account of shares of stock carried for them through the trust agreement. This document provided for one thousand shares of the value of ten dollars each; plaintiffs were entitled to their proportionate share of this issue, as represented by their capital contributions found by the court.

Without reviewing extensively this evidence, which is of interest to no one but the parties themselves, the court below found contrary to defendant's view,—definitely that Sims was not the real owner of the business either as an individual or under the declaration of trust, and that these plaintiffs were partners entitled to an accounting. There is no evidence in this record that prevents them from asserting such claim, and nothing which would justify setting aside the chancellor's findings, there being evidence to support all of them.

Plaintiffs' evidence of the creation and existence of a partnership is not a mere conclusion of the witnesses. They testified they were to pay toward capital in a certain way, were to participate in the profits and losses of the concern in proportion to the amount paid in, and that the business to be transacted was brokerage; they also testified as to the duration of the partnership, the amount each had contributed, and the time and reason for its dissolution. The powers of attorney given by Newcomb and Perry to facilitate the business would not control; nor would the letter to the Marine National Bank. These were but items to be considered with all other evidence by the chancellor.

That the court made an additional finding when exceptions were filed to the preliminary report is of no moment. It may make additional findings called to its

attention without granting further right to file exceptions thereto. Moreover, it was not material. After a careful review of all the questions before us, we are of opinion the court below did not err in its disposition of the case, nor in the decrees made.

The decree of the court below is affirmed, at the cost of appellant.